PETROPLUS, JUDGE:
This claim was filed for damages in the amount of $564.48 to claimants’ property occurring as the result of a storm on April 18, 1969, which caused water to be diverted to claimants’ property by a clogged up culvert, which the respondent had been requested from time to time to repair but had failed to take any action thereon. Respondent denied having notice of this condition, and took the position that the damages, if any, resulted from a cloud-burst in the upper Middle Grave Creek watershed, which was an Act of God for which it should not be responsible.
At the hearing, claimants testified and a deposition of a neighbor witness, Olive Williams, was submitted and filed.
It appears from the evidence and the deposition that prior to the time of flooding a very heavy rainfall occurred, which was described as a cloud-burst. Middle Grave Creek overflowed its banks, and, in addition to the road, many of the neighboring properties were also flooded. The water which entered the claimants’ home reached a level of approximately twelve inches, damaging rugs, furnishings and other personal property in the home. The clogged culvert, which is blamed for this condition, was approximately three-tenths of a mile from the home in question.
Although we may assume that the State Road Commission office had been notified of the clogged condition of the culvert and failed to make the necessary repairs thereto, which conduct would constitute negligence in maintaining proper drainage and a lack of proper re *147 gard for the rights of adjacent property owners, it must be proved that such negligence was the proximate cause of the injury suffered by the person to whom the State owed a duty. The essential elements of actionable negligence are a duty, a breach and an injury which is the proximate result of the breach of duty. The injury must follow as the direct and natural sequence of events, unbroken by other intervening efficient causes.
It is most difficult for this Court to believe that a diversion of surface water caused by a culvert approximately three-tenths of a mile away from the claimants’ home resulted in the damages claimed, especially at a time when a neighboring creek was overflowing its bank and flooding properties in the area of the claimants’ property. The evidence was quite confusing as to whether the water came from the creek or down the road because of the defective culvert. The deposition of the impartial witness, Olive Williams, effectively disclosed the severity of the rainstorm and flooding of other properties as the result of the creek overflowing its banks. In the opinion of this Court, the claimants have not satisfactorily proved that the clogged culvert was the cause of their injury.
For the foregoing reasons, the claim is disallowed.
Claim disallowed.